UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

IN RE

    ISAAC JACOB HECHT,

                  DEBTOR.

CHAPTER 13

CASE NO. 16-42519

JUDGE: Carla E. Craig

**STIPULATION AND ORDER DIRECTING TRUSTEE TO COMPLETE
DOWN PAYMENT REQUIRED FOR PERMANENT LOAN MODICATION**

**WHEREAS,** Nationstar Mortgage LLC as Servicer for U.S. Bank National Association, as Trustee for Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates, Series 2006-AB2 (with successors and assigns, collectively, as "Secured Creditor") is a secured creditor of Isaac Jacob Hecht (the "Debtor") by virtue of a mortgage (the "Mortgage"), securing the obligations under a promissory note executed by the Debtor on December 13, 2005 (the "Note," and together with the Mortgage, the "Loan") encumbering real property known as 1503 Union Street, Brooklyn, NY 11213 (the "Property" or the "Premises"), owned by the Debtor.

**WHEREAS,** the Debtor executed the Mortgage given to Mortgage Electronic Registration Systems, Inc. as nominee for Wilmington Finance, a division of AIG Federal Savings Bank securing the repayment of the principal sum of $322,000 due under the Note on December 13, 2005.  The Mortgage was recorded January 18, 2006 in the Kings County Office of the City Register in CRFN 2006000028350.  The Note and Mortgage were transferred to Secured Creditor and said transfer was memorialized by an Assignment of Mortgage dated June 2, 2008 and recorded on June 18, 2008 in CRFN 2008000243996; and

11-012399

**WHEREAS,** Debtor filed a petition for relief under Chapter 13 of the U.S. Bankruptcy Code on or about June 8, 2016; and

**WHEREAS,** Secured Creditor was directed to participate in loss mitigation with the Debtor by Order entered on August 8, 2016; and

**WHEREAS,** the Debtor's Amended Chapter 13 Plan filed on September 27, 2016 provides for an estimated trial loan modification payment of $2,500 per month included in the regular plan payment; and

**WHEREAS,** as part of said loss mitigation, Secured Creditor and the Debtor agreed to a permanent loan modification (the "Modification"). A copy of the Modification is attached as **Exhibit "A;"** and

**WHEREAS,** the Modification provided for a qualifying payment (the "Down Payment") of $200,000 in consideration for Secured Creditor's offer of a permanent loan modification. A Letter of Acknowledge dated June 29, 2018 and affixed to the Modification provides for said Down Payment. Secured Creditor requires receipt of the entire Down Payment as a necessary condition precedent to permanent modification of the Loan; and

**WHEREAS,** upon information and belief, the Debtor intended to pay a portion of the Down Payment directly to Secured Creditor, with the remaining balance on the Down Payment to be paid by the Chapter 13 Trustee; and

**WHEREAS,** Secured Creditor acknowledges receipt of $184,900 in funds toward the Down Payment directly from the Debtor, received on or about July 26, 2018; and

**WHEREAS,** Secured Creditor requires that the Down Payment be paid in full prior to fully executing and applying the Modification to the Loan; and

**WHEREAS,** the Debtor owes the remaining $15,100 toward the Down Payment:

11-012399

**NOW THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION, IT IS HEREBY STIPULATED AND AGREED THAT**:

1. This Court has jurisdiction over these proceedings and the parties hereto pursuant to 11 U.S.C. §§ 105 and General Order #582.

2. The relief granted in this Stipulation and Order is pursuant to 11 U.S.C. § 105 and General Order #582.

3. Each of the WHEREAS clauses above is incorporated herein by reference as if fully set forth herein.

4. The obligations due pursuant to the Note and Mortgage are validly due and owing to the Secured Creditor.

5. The obligations due pursuant to the Note are secured by a lien upon the Premises as evidenced by a duly recorded Mortgage, which lien and security interest is valid and remains in full force and effect.

6. Upon entry of this Stipulation and Order, the Chapter 13 Trustee shall pay $15,100 to Secured Creditor in his next monthly distribution, provided notice of entry of this order is given to the Trustee, at the following address:

   **Nationstar Mortgage LLC d/b/a Mr. Cooper Home Loans**
   **Attn: Bankruptcy Loss Mitigation**
   **8950 Cypress Waters Blvd**
   **Coppell, TX 75019**

   The Trustee shall make no further distribution on Claim No. 1 filed by U.S. Bank National Association, as Trustee for Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates, Series 2006-AB2 on October 14, 2016, in the sum of $574,005.32.

11-012399

7. Upon receipt of the remaining $15,100 due and owing on the Down Payment, Secured Creditor shall countersign the Modification and provide a copy of said countersigned Modification to the Debtor and Debtor's Attorney.

8. Upon receipt of the countersigned Modification, the parties to the loss mitigation shall seek this Court's approval of the Modification in the ordinary course of loss mitigation pursuant to General Order #582.

9. This Stipulation and Order shall be binding upon the heirs, successors and assigns of the Secured Creditor and of the Debtor.

10. If this case is converted to a case under any other chapter of the U.S. Bankruptcy Code, this Stipulation and Order will remain in full force and effect.

11. This Stipulation and Order may be executed in counterparts, but shall not become effective until executed by all parties, and approved by the Court.  The fully executed copy of this Stipulation and Order shall be deemed the original for the purposes of filing same with the Court and facsimile signatures shall have the same force and effect as original signatures.

12. This Stipulation and Order shall not be changed orally.  The foregoing represents the entire agreement of the parties and no modification, amendment, or extension thereof shall be valid, unless in writing, signed by all signatories to this agreement.

13. This Stipulation and Order shall be governed by and construed in accordance with the laws of the State of New York.

14. The parties hereto acknowledge and agree that no party hereto is a minor or incompetent, and that all parties have entered into this Stipulation and Order of their own volition without coercion or duress.

11-012399

15. This Stipulation and Order shall be deemed to have been drafted by the parties hereto, and any ambiguities shall not be construed against or in favor of any party.

16. If any of the provisions of this Stipulation and Order are determined to be unenforceable, it shall not render the entire Stipulation and Order unenforceable, but only that provision.

Approved:                                                                      Dated: 12/13/2018

/s/ Rachel Blumenfeld_____
Rachel Blumenfeld
Law Office of Rachel S. Blumenfeld
Attorney for Debtor

No Objection:                                                                 Dated: 12/4/2018

/s/ Michael J. Macco_____
Michael J. Macco
Bankruptcy Trustee

Approved:                                                                      Dated: 12/17/18

/s/ Katherine Heidbrink_____
Katherine Heidbrink
Shapiro, DiCaro & Barak, LLC
Attorneys for Secured Creditor

**SO ORDERED:**

11-012399